FILED12 JUL '23 11:39USDC-ORP

Timothy C. Rote
7427 SW Coho Ct. #200
Tualatin, OR 97062
Phone: (503) 272-6264
E-Mail: timothy.rote@gmail.com
*Pro Se* Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TIMOTHY ROTE,<br><br>    Plaintiff,<br><br>vs.<br><br>OREGON JUDICIAL DEPARTMENT, OREGON STATE BAR PROFESSIONAL LIABILITY FUND, THE HON. MEAGAN FLYNN (in her official capacity as Chief Justice of the Supreme Court of Oregon), THE HON. ERIN LAGESEN (in her official capacity as Chief Judge of the Oregon Court of Appeals), THE HON. MICHAEL WETZEL, THERESA KIDD (in her official capacity as Appellate Commissioner of the Oregon Court of Appeals), THE HON. LESLIE ROBERTS, THE HON. DOUGLAS VAN DYK, THE HON. ROBERT MANICKE, MEGAN LIVERMORE (in her individual and official capacity as CEO of the OSBPLF), BERNARD MOORE, ANDREW BRANDSNESS, CHASE BEGUIN and JOHN DOES (1-5), *et al.*,<br><br>    Defendants. | Case No.: 3:23-cv-1016-AN<br><br>PLAINTIFF'S CIVIL RIGHTS COMPLAINT:<br><br>42 U.S.C. § 1983: FIRST AND FOURTEENTH AMENDMENTS;<br><br>42 U.S.C. § 1985: CONSPIRACY;<br><br>OREGON CONSTITUTION VIOLATIONS OF PROCEDURAL AND SUBSTANTIVE DUE PROCESS.<br><br><br><br>JURY TRIAL REQUESTED |

///

PAGE 1.   COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

103268

## COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTION RELIEF

Plaintiff Timothy Rote brings this action for economic, noneconomic and punitive damages for the defendants abridging, and conspiring to abridge the Plaintiff's First and Fourteenth Amendment rights of the United States Constitution and to that extent also violations of the Oregon Constitution.

On April 28, 2021, TLC Network star Joshua Duggar was indicted in Federal Court on one count of receipt of child porn, one count of possession of child porn, and a forfeiture allegation. At his trial in November and December 2021, Homeland Security expert James Fottrell testified that Duggar (1) partitioned (split) his hard drive into two components, one where he conducted his regular business and the second where Duggar maintained his child porn; and (2) that Duggar installed a peer to peer program (uTorrent) so that this child pornographic material could be shared with others. Fottrell was able to view photo and video files, including files previously deleted by Duggar, videos like "pedomom" as well as lewd images of an 8-12 year old girl. In December 2021 a jury found Duggar guilty of these crimes. Duggar was sentenced to 15 years in prison.

Like in the Duggar case, computer forensic experts Steve Williams and Mark Cox opined that Max Zweizig had partitioned his issued hard drive into multiple drives and installed a peer to peer program like BitTorrent (Winmx), where Zweizig maintained his child porn. Like in Duggar, the experts testified that Zweizig's computer hard drive containing the child porn was not used by anyone after Zweizig reformatted the hard drive and returned it to his employer. Unlike Duggar, who was arrested before he had a chance to destroy his computer, Zweizig reformatted the hard drive and was not arrested. Returning his reformatted hard drive to Plaintiff Rote however did break chain of custody and made prosecuting Zweizig problematic.

PAGE 2.   COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

Subsequent forensic reports of Zweizig's hard drive reveal images of child rape and mutilation. Less there be any doubt, Zweizig has made numerous statements tantamount to admitting to these crimes of possessing and distribution child pornography, and to child molestation, perjury and extortion.

Plaintiff accuses the State actors and co-conspirators of engaging in an orchestrated attack against Plaintiff for exercising his free speech opposing the distribution of child pornography and for critiquing those who support decriminalizing child pornography and molestation. Plaintiff accuses the named Defendants of violating Plaintiff's civil rights, as outlined herein.

In this case, Plaintiff alleges that multiple senior Judges have now gone on the record to confirm that their recent decisions are biased attacks on Plaintiff for Plaintiff publishing critiques of the Judiciary and for opposing the distribution of child pornography. Plaintiff alleges that senior judges are being assigned by the presiding Judge of Clackamas County (Michael Wetzel) specifically to execute on a plan of bias and retribution. These Senior Judges have no risk of being recalled.

In May 2023, Senior Judge Leslie Roberts on the record in Clackamas case 22cv17744 granted summary judgment to Max Zweizig (in a malicious use of civil proceeding case, which became ripe on Zweizig losing at summary judgment in Clackamas case 19cv01547) because Rote published critiques of the judiciary and engaged in public protests opposing the judiciary's support of child porn. Roberts ignored Oregon law on the question of malice in order to grant summary judgment. The PLF hired counsel to represent child predator Zweizig. Roberts is a member of the communist party and publicly advocates for lowering the age of consent to sexual contact to 14 years of age, consistent with China's policy. According to Willamette Week,

PAGE 3.   COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

Roberts adopted 12 children from China, a common and recognized technique for trafficking children.

In December 2022, Senior Judge Van Dyk granted attorney fees to the PLF in an amount exceeding $63,000 in case Clackamas case 18cv45257, an award that included attorney fees on a 9th Circuit case that the PLF lost and other fees where there was no statutory support for the award of attorney fees, with open and on the record disdain for Rote's public statements critical of the Defendants actions as outlined in Federal cases 3:19-cv-01988 and 3:22-cv-00985. As outlined in this complaint, only a small portion of the attorney fees were related to an anti-SLAPP or Civil RICO claim against the PLF.

In December 2021, Senior Judge Manicke granted summary judgment on a Clackamas malpractice claim against an attorney representing Rote, damages arising on an anti-SLAPP fee award (in Clackamas case 19cv01547), even after the attorney (Michael Montag) admitted to failing to advise his client Rote of the anti-SLAPP risk of counterclaims…thus holding Rote to a higher standard of knowledge than the attorney who represented him.

On December 1, 2022 Rote filed an Appeal of a judgment entered on November 2, 2022, in Deschutes County case 19cv00824 where Zweizig has unlawfully taken an interest in a closely held stock not owned by Rote. Although the Appeal was dispatched by first class mail and therefore considered timely filed under Oregon Law, Court of Appeals Appellate Commissioner Theresa Kidd denied the Appeal as untimely. Rote appealed the decision to Chief Judge Erin Lagesen, who found in favor of Theresa Kidd. As outlined in this complaint the denial of the Appeal is a constitutional violation of Rote's right of due process.

PAGE 4.   COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

The orchestrated series of events was intended to subject Plaintiff to large unlawful fee awards while denying him the same opportunity to recover against child predator Zweizig and the attorneys hired by Rote.

In all cases the PLF paid for and benefitted from these unconstitutional actions with the aid and support of the named defendants and John Does.

Plaintiff has two other Civil Rights law suits pending, one in the 9th Circuit and one now in abeyance awaiting the decision of the 9th Circuit. As the Civil Rights violations continue, Plaintiff has no recourse but to file yet this new Civil Rights case.

As grounds therefor, Plaintiff alleges as follows:

### INTRODUCTION

1. Pursuant to 42 U.S.C. § 1983 and § 1985, Plaintiff alleges the deprivation of rights guaranteed to him by the First and Fourteenth Amendments to the United States Constitution and Oregon Constitution Article I, §8, §10 and §20 and alleges a conspiracy among the defendants to violate those rights.

### VENUE AND JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (Federal question), 1343 (3) and (4), as this action arises under the laws of the United States. This is an action for damages for claims brought under 42 U.S.C. § 1983 and conspiracy under 42 U.S.C. § 1985 for the redress of rights secured by the United States Constitution and for those violations perpetrated by Defendants.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391. Defendants are residents of Oregon, the due process violations occurred in Oregon by Defendants employed by state agencies and/or Departments or Defendants conspiring with state agencies or departments.

PAGE 5.   COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

## PARTIES

4. Plaintiff **Timothy Rote** ("Rote") is a citizen of the United States and a resident of the state of Oregon.

5. Defendant **Oregon Judicial Department** ("OJD") is the judicial branch of government of the State of Oregon in the United States. The chief executive of the branch is the Chief Justice of the Oregon Supreme Court, Meagan Flynn. The Oregon Judicial Branch has been aware of and taken action to support the abuses of the PLF, payments, bribes and other benefits to the Judiciary from the PLF, the acts of retaliation and compromises to due process by the state judicial actors named in this complaint.

6. Defendant **Oregon State Bar Professional Liability Fund** ("PLF"), while separately run, operates under the umbrella of the Oregon State Bar. The Oregon State Bar Board of Governors created the Professional Liability Fund in 1977 pursuant to state statute (ORS 9.080) and with approval of the membership. The PLF first began operation on July 1, 1978, and has been the mandatory provider of primary malpractice coverage for Oregon lawyers since that date. The PLF is a captive insurance agency that has no mandatory reporting requirement. The PLF was put on notice of the perjury, subornation of perjury and other crimes perpetrated by Megan Livermore and PLF Vendors and chose to take no action. For purposes of this lawsuit, the PLF is treated as a municipal entity that has a standing policy of retaliation against Plaintiff.

7. Defendant Justice **Meagan Flynn** ("Flynn") was elected by her colleagues as Oregon's 44th Chief Justice and began service on January 1, 2023. Chief Justice Flynn was initially appointed as an Associate Justice on the Oregon Supreme Court by Governor Kate Brown and sworn in April 4, 2017. She was elected to the position in the May 2018 primary in a competitive race. Before joining the Supreme Court, Chief Justice Flynn served on the Oregon Court of

PAGE 6.   COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

Appeals beginning in November 2014. Chief Justice Flynn received her undergraduate degree from Willamette University (B.A. cum laude in Philosophy and Political Science, 1989) and her law degree from Gonzaga University School of Law (J.D. magna cum laude, 1992), which she attended as a Thomas More Scholar. Her current extracurricular activities include serving as a member of the board of the Classroom Law Project and as a coach for the We the People team at Franklin High School in Portland and as a regular speaker on issues of professionalism for the Oregon Bench & Bar Commission on Professionalism.

8. Defendant Judge **Erin Lagesen** ("Lagesen") was appointed by Governor Kitzhaber to position 12 on the Oregon Court of Appeals, one of the three new judgeships created by the passage of House Bill 4026 (2012). She began service on November 12, 2013. She served as the Presiding Judge of Department 3 of the Court of Appeals from July 1, 2017, through December 31, 2021. On January 1, 2022, she became the court's Chief Judge. Chief Judge Lagesen is an elected member of the American Law Institute. She is a long-time member of the Oregon State Bar Constitutional Law section, served many years on the section's executive committee, and is a past chair of that section. She also is a long-time coach of a high school "We the People" constitutional law team.

9. Defendant Judge **Michael Wetzel** ("Wetzel") is the presiding judge for the Clackamas Circuit Court in Oregon. He was elected on May 15, 2012 to replace retired Judge Ronald D. Thom, effective January, 2013. His current term expires in 2018. Wetzel attended school at Mt. Hood Community College in Troutdale and earned his bachelor's degree from Willamette University in Salem. He later received his J.D. from Vanderbilt University. Major Wetzel is also Deputy Regional Defense Counsel for the Army National Guard. Judge Wetzel was appointed

PAGE 7.   COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

presiding Judge of Clackamas County effective on January 1, 2021. Wetzel is a member of the CPUSA.

10. Defendant Senior Judge **Leslie Roberts** ("Roberts") was a judge for Position 37 of the Oregon 4th Judicial District Circuit Court. She left office on May 31, 2021. Roberts won re-election for the Position 37 judge of the Multnomah District Circuit Court outright in the primary on May 15, 2018, after the general election was canceled. Roberts earned her bachelor's degree in history from Reed College and her J.D. from Yale Law School. Roberts and her husband, Oregon Court of Appeals Senior Judge Rex Armstrong, have 14 children, 12 adopted from China. Roberts is a member of the Oregon District Communist Party USA ("CPUSA").

11. Defendant Senior Judge **Douglas Van Dyk** ("DYK") is a former Circuit Court Judge in Clackamas County. Van Dyk retired from the court on April 30, 2021. He served as a trial court judge for over 20 years. He has over 38 years' experience with the law as a lawyer, arbitrator, mediator and judge. His civil experience includes trials of all types, including complex commercial litigation assigned to him as a judicial officer of the Oregon Complex Litigation Court under UTCR Chapter 23. Among other areas, his experience includes construction disputes (including delay), real estate, foreclosure, personal injury, securities, employment disputes, and more. As a settlement judge in Clackamas, he resolved hundreds of cases. Before appointment to the bench in 2002, he was a trial attorney at Foster Pepper and Jordan Schrader. Van Dyk is a member of the CPUSA.

12. Defendant Judge **Robert Manicke** ("Manicke") is a judge of the Oregon Tax Court. He assumed office on January 1, 2018. His current term ends on January 1, 2025. Manicke ran for re-election for judge of the Oregon Tax Court. He won in the general election on November 6, 2018. Judge Manicke apparently also serves as a *pro tempore* Judge for Clackamas County

PAGE 8.    COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

Circuit. Manicke earned his bachelor's degree from Willamette University in 1984 and his law degree from the University of Illinois College Of Law in 1992. He began his law practice at San Francisco's Pillsbury law firm in 1992, and joined Stoel Rives LLP in Portland as an associate in 1995. He became a partner at Stoel Rives in 2001 and remained there until December 31, 2017. Judge Manicke's legal practice focused on state and local tax and employment tax, including tax controversies, transactions and legislative matters. He has held officer positions in the Oregon State Bar Taxation Section, and he chaired the Section's Laws Committee from 2007 to 2017.

13. Defendant **Megan Livermore** ("Livermore") became the Chief Executive Officer of the Professional Liability Fund on July 1, 2021. Prior to joining the PLF, Ms. Livermore was a business and real estate attorney in Oregon for over 15 years, with the majority of her legal career spent at two Eugene law firms – Gaydos Churnside & Balthrop PC and, most recently, Hutchinson Cox. She focused her practice around advising clients on strategic planning, business transactions, IP management, commercial and residential real estate transactions, and cannabis law. Livermore was instrumental in aiding and abetting the criminal conduct of attorneys Bernard Moore and Andrew Brandsness, all of whom are direct and indirect beneficiaries as PLF vendors. Livermore has been sued herein personally (her direct acts) and in her capacity as CEO (PLF policy of retaliation and unlawful fee petitions).

14. Defendant **Theresa Kidd** ("Kidd") is the Appellate Commissioner for the Oregon Court of Appeals. Ms. Kidd has been a staff attorney at the Court of Appeals since 2008 and, before becoming a staff attorney, worked in the Appellate Commissioner's office as Assistant Appellate Legal Counsel. A native of the Oregon coast, Ms. Kidd attended college at University of Oregon (B.S., Political Science & Psychology) and law school at Ohio Northern University. After law school, she clerked at the Oregon Court of Appeals and then at the United States District Court

PAGE 9.   COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

for the Middle District of Florida. In addition to her work for the courts, Ms. Kidd has worked in private practice and taught legal research and writing at Florida Coastal School of Law.

15. Defendant **Bernard Moore** ("Moore") is an attorney practicing and residing in Jackson County. From 1984 to 1985 he served as a Deputy District Attorney for Jackson County. He entered private practice in 1985 focusing exclusively on litigation. He is admitted to practice in the State Courts of Oregon; the U.S. District Court for the District of Oregon and the 9th Circuit Court of Appeals. He frequently speaks on the topics of Uninsured and Underinsured Motorist benefits, and trial tactics for organizations such as the Oregon Association of Defense Counsel, Professional Liability Fund, Oregon State Bar and the Oregon Law Institute. Moore was hired by the PLF to represents Andrew Brandsness in Clackamas Circuit case 18cv45257.

16. Defendant **Andrew Brandsness** ("Brandsness") has practiced law in Klamath County since 1983, and is the Managing partner of Brandsness, Brandsness and Rudd, P.C., with his primary practice in transactions and complex litigation of real estate, construction, probate and trust, finance, business organization and commercial law, including collections and foreclosures. His practice is before the Oregon State Circuit and Appellate Courts, Federal District Court for the District of Oregon and 9th Circuit Court of Appeals, and the United States Bankruptcy Court for the District of Oregon. Brandsness was sued in 2018 by Rote for malpractice in federal case 3:15-cv-2401. That case is still pending.

17. Defendant **Chase Beguin** ("Beguin") grew up in Coastal North Carolina before attending Darlington Soccer Academy in Georgia for high school. He graduated from Guilford College in Greensboro, North Carolina in 2017 with a degree in Business Management and Health Sciences; and graduated from Elon University School of Law in 2021. Chase accepted an

associate position at Cauble and Whittington in 2022 after passing the Oregon State Bar. Beguin was hired by the PLF to represent Max Zweizig in Clackamas Circuit case 22cv17744.

## STATEMENT OF FACTS

18. Oregon ranks first amount the states with the most sex offenders per capita. Federal law prohibits the production, distribution, reception, and possession of an image of child pornography using or affecting any means or facility of interstate or foreign commerce (18 U.S.C. § 2251; 18 U.S.C. § 2252; 18 U.S.C. § 2252A). Specifically, Section 2251 makes it illegal to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct for purposes of producing visual depictions of that conduct. Any individual who attempts or conspires to commit a child pornography offense is also subject to prosecution under federal law.

19. According to the Mayo Clinic of the US, studies and case reports indicate that 30% to 80% of individuals who viewed child pornography and 76% of individuals who were arrested for internet child pornography had molested a child; however, they state that it is difficult to know how many people progress from computerized child pornography to physical acts against children and how many would have progressed to physical acts without the computer being involved. See Ryan C. W. Hall; Richard C. W. Hall (April 2007). "A Profile of Pedophilia: Definition, Characteristics of Offenders, Recidivism, Treatment Outcomes, and Forensic Issues".

20. One the chief goals of the Chinese Communist Party ("CCP") and Communist Party USA ('CPUSA") is to compromise many of the rights Americans hold so dear and among those rights the CCP acts to eliminate free speech and due process in States where the CCP has exercised some influence. The CCP has invaded the Oregon judiciary with financial supports and wields a great deal of influence over the judiciary's indifference to child pornography and child

PAGE 11. COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

trafficking, seeking to decriminalize child porn and reducing the age of consent for sexual contact.

21. China remains Oregon's largest export partner and that spells trouble ahead. The influence the CCP has on the Oregon Democrat Party is equally discernible and concerning, that influence buying judicial appointments favorable to the CCP's new World order.

22. Numerous forensic reports were provided and on the record in Clackamas cases 19cv14552, 18cv45257, 19cv01547, 22cv17744, in Deschutes case 19cv00824 and in the previous Federal Civil Rights cases brought by Rote, offered below by reference to case 3:15-cv-2401 (Doc #128-1). Those forensic reports, including the testimony by Max Zweizig's expert fond Zweizig downloaded, possessed and distributed child pornography from his home office and on a computer Zweizig used exclusively. The child porn and porn were found on a 120 gig hard drive Zweizig admitted to reformatting before returning it to his employer.

23. A sample of the videos (and file names) Zweizig maintained on his computer 120 gig hard drive, which he used exclusively from his home in New Jersey, were reported first by computer forensic expert and police officer Steve Williams and are as follows:

    1. young teen fucks two guys (page 14);

    2. older sisters gets lesbian with little sister (page 14);

    3. older man fucking young twink (page 14);

    4. teen 16 years young (page 14);

    5. older muscle guy fucks young twink (page 15); and

    6. older teen kisses, sucks and fucks hairless brother (page 15).

PAGE 12. COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

The list goes on. All of this material was made available to the public on Zweizig's D:\shared drive, where a program was installed to allow peer to peer sharing of these programs. The names of the mg and avi files were those placed or accepted by Zweizig.

24. The Oregon Judicial Department is predominantly occupied and managed by registered Democrats who support the decriminalization of the possession and distribution of child pornography. The OJD has through its institutions, departments and agencies established a policy of targeting *opposition* to child pornography by using excessive awards of attorney fees, early granting of dismissal and/or summary judgment against disfavored litigants and other schemes designed to attack citizens who speak truth to power.

25. Plaintiff is a target of that policy of abuse.

26. Plaintiff Rote pursued previously a malicious use of a civil proceeding claim in Clackamas County, case 19cv14552, against Zweizig and his legal team which includes Sandra Ware, Joel Christiansen and Linda Marshall. The Oregon State Bar PLF provided representation to Christiansen and Marshall immediately. In 2019, plaintiff discovered the PLF has also provided free legal services to Zweizig and Ware. Zweizig also confirmed this representation in his December 21, 2020 deposition and that he had not solicited the representation. Zweizig continued to receive free legal representation from the PLF valued at more than $200,000 in state cases 19cv14552 (Malicious Use), 18cv45257 (Malpractice, Breach and Civil RICO), 19cv01547 (Fraudulent Transfer), 19cv00824 (Collection) and 22cv17722 (Malicious Use).

27. Plaintiff alleges that the PLF decided to represent Zweizig out of a retaliatory act given that Plaintiff had sued the PLF and others for Oregon Civil RICO citing more than ten counts of perjury, subornation of perjury, fraud, conspiracy and aiding and abetting child porn. The PLF was fully informed of Zweizig's criminal conduct before they offered him free legal services to

PAGE 13. COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

him. The PLF subsequently admitted to providing free legal services to Zweizig to control his testimony in Clackamas case #18cv45257.

28. Plaintiff requested confirmation by the PLF of Zweizig's representation for free in case 19cv14552 as early as October 1, 2019. Nena Cook did not confirm that she was hired by the PLF until November 14, 2019 and after she filed a false pleading to dismiss Ware and Zweizig from case 19cv14552. Sandra Ware, a New Jersey attorney, was engaged to Zweizig for approximately 20 years.

29. The PLF has a $100 Million war chest, which generates $25 Million year in premium revenue, paying out only $2.5 million in malpractice claims. The PLF refuses to disclose annually the direct and indirect payments to the judiciary even under an FOIA request. The PLF is considered a quasi-government agency organized under Oregon's Judicial Branch. As of this time, the PLF has refused to respond to a subpoena for documents on coverage of the defendants in Clackamas case 18cv45257 and the coverage of Zweizig and Ware.

30. The PLF's collusion with the judicial actors named in this case effect damages in the amount of no less than $1,000,000, a judgment owed to Zweizig by Rote and a judgment the PLF has refused to cover. Representing Zweizig free of charge to control Zweizig's admissions is one of the many predicate acts identified in Clackamas case 18cv45257 and is a violation of the Hobbs Act, 18 U.S.C. § 1951.

31. Zweizig filed a fraudulent transfer action against Rote and Tanya Rote (plaintiff's wife), Clackamas case 19cv01547, in January 2019. After three months the Rote's prevailed in dismissing claims against two of the three properties Zweizig pursued. After two years of discovery, the Rote's prevailed on their Motion for Summary Judgment against the last property, Zweizig providing no evidence to support his claims.

PAGE 14. COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

32. In the interim however the Rote's were severely damaged. The Rote's originally sought counterclaims for slander of title and interference with the contract, Zweizig having filed a *lis pendens* in that case in January 2019, just before the closing of a sale of property owned by non-debtor Tanya Rote. That *lis pendens* caused the sale to fail.

33. Judge Lininger of the Clackamas County Court granted Zweizig's anti-SLAPP Motion as on those same counterclaims and awarded $20,970 in attorney fees to Zweizig on July 16, 2020. The fee petition by Zweizig counsel included a declaration and attached billing records by Counsel Williams Kastner and partner Ward Greene. Those records showed that 66% of the $20,970 awarded was specifically identified to other actions by Williams Kastner and not reasonably connected to the anti-SLAPP. The justification by Zweizig counsel for the anti-SLAPP Motion was that Rote if he prevailed could bring a *malicious use* case to recover damages for attorney fees and other damages. The fraudulent fee award constitutes a violation of the Hobbs Act, and predicate acts under Federal and Oregon RICO.

34. The Rote's did prevail in case 19cv01547 and Rote brought a malicious use case for damages perpetrated by child predator Zweizig, case 22cv17744. In denying Rote the opportunity to take his case to a jury, the OJD has confirmed that Oregon's anti-SLAPP is unconstitutional. Rote has been denied a remedy to the damages caused by Zweizig.

35. On December 21, 2020 (case 19cv01547) Max Zweizig admitted in a deposition and under oath that he duped the jury in case 3:15-cv-2401, lying about the existence of forensic reports showing that he did download and disseminate child porn from an employer owned computer used exclusively by Zweizig in his home in New Jersey from 2001 through mid-May 2003. Zweizig further admitted that his former attorney, Ward Greene, resigned after evaluating the computer forensic reports showing Zweizig's child porn and other criminal activity. Zweizig

PAGE 15. COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

admitted that his former attorney, Ward Greene resigned no longer wanting to be associated with Zweizig and the raping of children. Zweizig admitted that the PLF represented him in cases 19cv14552 and 19cv01547, without request for repair and on information with the full knowledge that Zweizig is still engaged in the dissemination of child porn. The free assistance implicates the Hobbs Act and predicate acts under Federal and Oregon RICO.

36.  The jury award in case 3:15-cv-2401 was appealed to the 9th Circuit on multiple grounds. 9th Circuit Judge Richard Paez requested assignment to this case. Under Oregon Law (*Livingston* case), a non-signatory may compel arbitration against a signatory plaintiff if the claims are contemplated under the contract. In 2011 Zweizig was awarded damages under ORS 659A.199, .230 and .30(1)(f). Zweizig argued for affirmation of the award. The case was affirmed by the USDCOR, by Judge Papak, finding that the contract and employment claims under ORS 659A were subject to the arbitration. In December 2015 Zweizig pursued similar claims under ORS 659A.199, .230 and .30(1)(f) and (g) and against the same parties. Judge Paez refused to bound by Oregon law and compel arbitration. The 9th Circuit is bound by Oregon law on the issue of equitable estoppel, *Beeman v. Anthem Prescription Mgmt., LLC*, 689 F.3d 1002, 1008 (9th Cir. 2012). On information and belief the defendants solicited Judge Paez to refuse to follow Oregon law in favor of Zweizig and the trafficking of children.

37.  In order to present the retaliatory animus of the Lininger Court, Judge Lininger adopted a draft order prepared by vendors of the PLF, which is essentially alleged that the Rote's in case 19cv01547 were filing Counterclaims in order to cause harm to child predator plaintiff Zweizig and to otherwise delay the proceedings. Less than a year after Judge Lininger issued that order on the attorney fees, Plaintiff Zweizig's fraudulent transfer claims were dismissed with prejudice but after more than two years of discovery and after causing serious damage to the Rote's. The

PAGE 16. COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

Court in granting summary judgment in March 2021 also found that Zweizig's lawsuit fraudulent transfer was objectively unreasonable, particularly in light of a tax return Zweizig received showing the alleged fraudulent transfer happened more than 6 years before his judgment.

38. Right after Judge Lininger issued her award of attorney fees on the anti-SLAPP in case 19cv01547, Ward Greene resigned from representing child predator Max Zweizig. As previously explained, Zweizig admitted in his deposition of December 21, 2020, that Ward Greene resigned no longer wanting to be associated with Zweizig and the raping of children. Soon after Zweizig's deposition was published to the Court and public, Zweizig sought to suppress his deposition admissions in case 19cv01547, claiming that he could not receive a fair trial if a jury found out he downloaded, possessed and distributed child porn. The Court denied Zweizig's Motion to suppress his deposition from the public space.

39. Most states require a Plaintiff pursuing a money award to file a bond to protect the restraint of use of a property owned by a defendant in a fraudulent transfer action. Zweizig as Plaintiff in that case was allowed to issue a *lis pendens* that interfered with a sale of the underlying property owned by Tanya Rote. The counterclaims asserted by the Rote's, as defendants in that 19cv01547 case, were the very damages that almost all states recognize. The anti-SLAPP was used to restrain the Rote's from pursuing their damages in counterclaims arising from Zweizig's unsuccessful fraudulent transfer action against non-debtor Tanya Rote.

40. The unauthorized and excessive fee award to Max Zweizig by Lininger via Ward Greene's petition evidence was appealed to the Oregon Court of Appeals, case A174364. In spite of the opposing party not disputing that 60% of Greene's fees were not associated with the anti-SLAPP, the Oregon Court of Appeals affirmed without opinion. That Court order affirming Judge Lininger's fee award was issued on February 16, 2022. Defendant Mooney was the

PAGE 17. COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

presiding Judge on behalf of the Oregon Court of Appeals, affirming the unlawful award of attorney fees. That award was appealed to the Supreme Court of Oregon. The Supreme Court of Oregon denied review on July 7, 2022, necessitating the filing of federal lawsuit 3:22-cv-00985.

41. Subsequently, Helen Tompkins who represented Zweizig and Greene on appeal of the attorney fees petitioned for her own legal fees of $22,000. The Petition for legal fees was granted in part on May 19, 2022 by Judges Mooney and Kamins. The Opinion issued by presiding Judge Kamins in that award of attorney's fees on appeal specifically alleged that the appeal of unauthorized attorney fees by reference to Ward Greene fee petition billing statements was objectively unreasonable. Plaintiff perceived that statement as a threat derived from the Court's interest in supporting child predator Max Zweizig. The underlying billing statements by Ward Greene very clearly show time for defending Motions for Summary Judgment, time for Discovery and a multitude of other entries unrelated to the anti-SLAPP action and not reasonably connected to the anti-SLAPP. Those fees are not recoverable under the anti-SLAPP statutes and the award of those fees constitutes a constitutional violation. The Judgments have nonetheless been paid.

42. As noted Judges Lininger, Kamins and Mooney have been sued in Federal Case 3:22-cv-00985. The pattern of abuse nonetheless continues with Defendants Roberts, Van Dyk and Manicke, all abusing discretion and inviting the PLF to file fee petitions on various components of their cases.

43. The use of excessive awards of attorney fees that are otherwise unauthorized by law is a pattern of behavior by the Oregon Courts that implicates retaliation for the Plaintiff's pursuit of his First and Fourteenth amendment rights and particularly invokes a finding that substantive due process is being denied Plaintiff by intent. The objective evidence of overbilling on activity

PAGE 18. COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

unrelated to the anti-SLAPP is irrefutable and the Court's retaliatory animus is objectively unreasonable and equally irrefutable.

44. The financial beneficiaries of that intent to violate Plaintiff's rights are the PLF and Oregon attorneys named also as defendants. And of course child predator Max Zweizig is a beneficiary. It appears to be well understood by the defendant attorneys and the PLF that the Oregon Courts will remain unchecked in their abuse of the Plaintiff's Constitutional rights.

45. On April 29, 2021 Rote filed a professional malpractice, breach of contract and civil RICO complaint against Michael Montag, his law firm Vial Fotheringham and their insurance carrier the PLF, Clackamas case #21cv16383. The professional malpractice and breach claims arose when Montag failed to advise Rote that counterclaims could not be asserted against Zweizig in Clackamas case 19cv01547. As previously noted, Judge Ann Lininger awarded legal fees to Zweizig for the counterclaims raised in that case. Under Oregon Law, the anti-SLAPP proceeding and right to attorney fees is still viable even when the Rote's amended their Answer to remove the counterclaims. Montag admitted that he failed to advise the Rote's on the anti-SLAPP implications of the counterclaims and further admitted that he had not even heard of an anti-SLAPP action prior to that time.

46. On December 21, 2021 Judge Robert T. Manicke nonetheless granted summary judgment against the Rote's claims and further invited Montag to petition for fees on the RICO claim (only), finding the RICO claims objectively unreasonable.

47. Manicke noted that "in most charges of negligence against professional persons, expert testimony is required to establish what the reasonable practice is in the community. *Getchell v. Mansfield*, 260 Or 174, 179,489 P2d 953 (1971). Specifically, expert testimony is required if the issues are not within the knowledge of the ordinary lay juror," citing *Vandermay v. Clayton*, 328

PAGE 19. COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

Or 646,656, 984 P2d 272 (1999). The PLF did not make an appearance but was the beneficiary of that ruling and of course did hire legal counsel to represent all the defendants. In finding that a legal opinion was necessary to establish professional liability against Montag and his firm, the Court held Montag to a lower standard of consciousness to the law than Lininger did when awarding legal fees to Zweizig, notwithstanding the abuse arising from awarding fees unrelated to the anti-SLAPP (which in Zweizig's firms case was for the collection of Zweizig's judgment). Manicke was appointed to the case by presiding Judge Michael Wetzel.

48. Out of the 1,000 malpractice claims per year filed with the PLF, only 1 case every other year makes it to trial. The PLF, with the support of the OJD and CCP, have all but eliminated malpractice judgments in Oregon. The source of this data is the PLF's annual report, supplemented by statistics generated by Lewis and Clark Law School.

49. After Rote's Malpractice, Breach and Oregon RICO case was remanded to Clackamas Court by the 9th Circuit, Rote filed a Third Amended Complaint against Brandsness, the PLF and other responsible parties. As previously outlined in case 3:22-cv-00985, expired pro tem Judge Michael Wise granted Motions to Dismiss against the PLF and other Defendants on these same claims. Shortly thereafter the PLF pursued attorney fees not authorized under Oregon Law. That fee pursuit was also a component of federal case 3:22-cv-00985 and Matthew Yium is a defendant in that case.

50. On July 29, 2022 Rote filed a Motion to Set Aside the Judgment granted by Wise in case 18cv45257 and signed by Kathie Steele ( who was then and is now a defendant in case 3:22-cv-00985).

51. On November 2, 2022, Senior Judge Van Dyk held a hearing on the Motion to Set Aside the judgment signed by Steele and on the PLF's petition for attorney fees. Van Dyk denied

PAGE 20. COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

Rote's Motion to Set Aside the judgment and granted all of the PLF's fee petition, which included $31,000 for the PLF's time and fees on their unsuccessful effort with the 9th Circuit and $26,000 for fees related to a breach of contract and fiduciary claims (which may not be awarded under Oregon Law). Brandsness had not at that time filed a Motion for Summary Judgment. Although this issue is under appeal, there is no objectively reasonable basis by which the PLF could have expected a successful fee petition of this magnitude in the absence of coordination with the Oregon Judicial Department, namely through ex parte communication by and with Wetzel and Flynn. Under Oregon Law, a jury in entitled to reach that inference.

52.  Van Dyk on the record during the hearing November 2nd made statements that implicate his bias and established that his award was part of a coordinated attack on Rote for publishing critiques of the judiciary and for Rote opposing the distribution of child pornography. In order to award the fees, Van Dyk claimed that the gravamen of the complaint against the PLF was Civil RICO (when in fact it was failing to cover the malpractice claim) and awarded all of the fees even though the fee petition by the PLF identified none of the fees to the Civil RICO claim. As noted in Manicke's order of December 21, 2021 (case 21cv16383) and in contrast, Montag and the PLF were not invited to file a fee petition on the malpractice, breach of contract and breach of fiduciary claims. The Van Dyk award has been appealed.

53.  Van Dyk summarily disregarded Plaintiff's malpractice claim and stated on the record "Court finds under Section (1)(a) 22 that plaintiff's purpose in this litigation was to undo the adverse effects of prior litigation. Mr. Rote, in my view, is a vexatious litigant". The Court through this statement colludes with the PLF and refuses to allow malpractice claims against Oregon attorneys and their malpractice carriers to get to trial before a jury. One (1) in two-thousand (2,000) malpractice cases gets to a jury in Oregon because of the PLF's and CCP's

PAGE 21. COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

influence over Oregon's judiciary. In this case, Judge Van Dyk completely ignored the liability of the insurance carrier PLF, the malpractice claim against Brandsness and the undisputed representation of child predator Max Zweizig by the PLF. A jury could reasonably infer that the award of legal fees was intended to suppress malpractice claims in Oregon, to engage as a co-conspirator to do so and to support child predation.

54. On December 1, 2022, Rote filed an appeal on a Deschutes Circuit case 19cv00824 judgment, signed on November 2, 2022, wherein the Court granted Zweizig an opportunity to Sheriff Sale a closely held stock (where the order alleged the stock was owned by Defendant Rote, but was not owned by Rote). The sale proceeded with no bidders. Appellate Commissioner Theresa Kidd issued an Order to Show Cause on February 27, 2023, claiming the Appeal was not filed timely because Rote filed the Appeal by first class package service that by her definition was not calculated to achieve delivery within three calendar days. December 1, 2022 was a Thursday. The Court of Appeals docketed the package as received on Monday December 5, 2022. The Court was not open for mail service on December 3rd or 4th.

55. On April 4, 2023 Kidd denied Rote's appeal on grounds that (1) the first class package was not calculated to achieve delivery within 3 calendar days; and (2) December 2nd-4th were not open Court days and delivery could not be achieved. The Court has been reversed on this very argument by the Supreme Court of Oregon, citing *State v Chapman*, 367 OR 388 (2020). The most salient of these issues is that the Kidd misrepresented first-class package delivery times. Those delivery times were adjusted by the US Post office on September 28, 2021 for delivery outside of the region. Within the same region or state, the calculated delivery times are still two days. Rote had filed similar delivery proof of mailing showing a calculated delivery time of two

PAGE 22. COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

days. And following *Chapman*, it does not depend on whether the Court is open to receive the package.

56. Rote appealed the Court's ruling to the Oregon Court of Appeals. Defendant Lagesen found in favor of the Appellate Commissioner again based in part on a knowingly false statement by Kidd of delivery times, a statement that was intended to take advantage of Rote as a *pro se* litigant, a statement both Lagesen and Kidd knew was a fabrication. *Pro se* litigants do not have the ability in Oregon to file Appeals electronically.

57. On June 2, 2022, Rote filed a Malicious Use of Civil Proceeding against Zweizig in Clackamas Court, case 22cv17744. Zweizig failed to Answer timely the served complaint. Eventually the PLF intervened and hired legal Counsel Chase Beguin to represent Zweizig. Defendant Wetzel denied Rote's Motion for default against Zweizig. Then on October 25, 2022 Zweizig filed a Motion for Summary Judgment. Rote filed a Response and Cross-Motion for Summary Judgment. Rote's complaint was filed after Zweizig lost his fraudulent transfer case (#19cv01547) at summary judgment and after he lost his appeal on that same case.

58. Under Oregon Law, to prevail on a claim for wrongful initiation of a civil proceeding, the plaintiff must show "(1) commencement and prosecution by the defendant of a judicial proceeding against the plaintiff; (2) termination of the proceeding in the plaintiff's favor; (3) absence of probable cause to prosecute the action; (4) existence of malice; and (5) damages." *SPS of Oregon, Inc. v. GDH, LLC*, 258 Or App 210, 218, 309 P3d 178 (2013). Rote established all the elements necessary to proceed with this case.

59. Judge Leslie Roberts heard the Motions for Summary Judgment on April 5, 2023 and found in favor of Zweizig, citing the lack of evidence on Malice. Malice, unlike probable cause, is a factual question for the jury. With regard to the litigants in an underlying, allegedly wrongful

PAGE 23. COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

action, a jury may permissibly infer in most cases that an action brought in the absence of probable cause is brought with malice. *Alvarez v. Retail Credit Ass'n*, 234 Or 255, 263-65, 381 P2d 499 (1963). Rote's Response and Cross Motion for Summary Judgment factual detail established that Rote prevailed in 10 related litigation events brought by Zweizig and in the 19cv01547 Rote prevailed at Summary Judgment on all three properties Zweizig pursued. Michael Wetzel assigned Roberts to the Summary Judgment Motion.

60.  Roberts signed the Judgment of Dismissal on May 9, 2023, inviting Defendant Zweizig to file a petition for attorney fees, which he declined to do. Rote appealed on June 1, 2023 and the Court record indicates the case is under appeal.

61.  Although the Court docket confirms the Oregon Court of Appeals docketed the Appeal on June 5, 2023, that Court has yet to cash Rote's check for the $391 fee for the appeal or schedule the opening Brief. After several phone calls and two letters, Rote has not been able to resolve the status of this case, now more than 40 days after filing the appeal. Rote alleges that the Court of Appeals is quick to deny Rote access to an Appeal when it is clear Rote will prevail.

62.  During the course of the April 5th hearing Judge Roberts made the following statement: "And I certainly hope that statements that are made in the pleadings which are personal about various participants are never reflected outside of absolutely privileged circumstances. If -- if some of the -- the documents and -- and I -- I assume that you know who I'm talking -- talking about. If some of these documents were read on street corner, there would be a very successful claim for defamation. And so with that, I hope this is the end of this litigation. Thank you all."

63.  Rote has taken these comments as a threat to him to not publish the Court's support of child predation and more importantly to not publish the Court's warning that Rote not publish the Court record in an open forum. There could be no clearer evidence of bias than the Court's

PAGE 24. COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

statement and decision in that case and the related threat to Rote to not publish the transcript of the hearing.

64. Defendant Moore represents Brandsness in Clackamas case 18cv45257. Moore had previously confirmed he would not file a Motion for Summary Judgment on the claims against Brandsness, because (as Moore noted) the factual allegations of the malpractice claim is that Brandsness first provide inaccurate advice on a Motion to Compel arbitration, then failed to Compel and then refused to file a Motion to Compel arbitration in federal case 3:15-cv-2401. That factual allegation by Rote is disputed by Brandsness, rendering Summary Judgment untenable; on information and belief the PLF was contacted ex parte by the Court and informed that Roberts would he assigned the Summary Judgment hearing in case 18cv45257. The PLF then pushed Moore into filing a Summary Judgment Motion.

65. Moore filed a Motion for Summary Judgment on behalf of Brandsness against the malpractice claims in Clackamas case 18cv45257 on May 25, 2023, a few weeks after Roberts signed the Judgment dismissing the claims against Zweizig in Clackamas case 22cv17744.

66. A hearing was scheduled on the Summary Judgment Motion even before Rote filed his Response and Cross-Motion. Rote has been pursuing his malpractice claim against Brandsness since October 8, 2018. Michael Wetzel assigned Roberts to hear the Motion for Summary Judgment in case 18cv45257.

67. Previously Rote had filed a Writ to the Supreme Court of Oregon asking that Court to order Clackamas to schedule a trial date for case 18cv45257. On May 30, 2023, the parties had a hearing before Judge Wetzel, which Rote attended in person. Judge Wetzel agreed to schedule a trial date for December 11-13, 2023. Judge Wetzel also asked a Clackamas County Deputy be in attendance since Rote was attending in person. After the hearing, Court Clerk Wendy Watson ran

PAGE 25. COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

over to Rote and took a cup of water from Rote's hand, which is under Oregon law is an unlawful search and seizure of Rote's DNA.

68. Chief Justice Meagan Flynn denied Rote's Motion for a Writ to schedule a trial in case 18cv45257.

69. One of the elements yet unspoken in that the Supreme Court of Oregon and most of the lower Court do not favor arbitration in employment cases. Zweizig was compelled to arbitration in the first case he filed against Rote, back in March 2004. A New Jersey Court found that Zweizig executed an executive employment contract requiring arbitration and compelled Zweizig to arbitration in December of 2005. Brandsness failed to Compel arbitration under the exact same contract between the same parties on a similar ORS 659A claim filed by Zweizig on December 25, 2015.

70. The US District Court of Oregon affirmed in 2011 that Zweizig's employment contract was subject to arbitration under the American Arbitration Act and Oregon's Uniform Arbitration Act.

71. Plaintiff is a blogger and publicly critiques the Oregon Judiciary and PLF somewhat frequently. Plaintiff arranges protests and engages in public debate on issues of great public interest, including the preferential treatment of child predators by members of the Oregon Judiciary.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. §1983**
**Violation of Plaintiff's First Amendment Rights**
**Against All Defendants**

72. Each of the preceding paragraphs is incorporated herein.

73. The **First Amendment (Amendment I)** to the United States Constitution prevents the government from making laws that regulate an establishment of religion, or that prohibit the free

PAGE 26. COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

exercise of religion, or abridge the freedom of speech, the freedom of the press, the freedom of assembly, or the right to petition the government for redress of grievances.

74. Defendants are "persons" within the meaning of 42 U.S.C. § 1983.

75. Defendants were acting under the color of state law and their conduct was subject to 42 U.S.C. § 1983.

76. Plaintiff also alleges that the acts of retaliation were violations of the Oregon Constitution, Article I, Section 8, which states that "No law shall be passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever; but every person shall be responsible for the abuse of this right."

77. Plaintiff Rote exercised his constitutional right to freedom of speech by blogging, tweeting and otherwise publishing about matters of public concern and national debate, among them being the efficacy of arbitration, failures of the judiciary to reign in arbitrators, the right to file a complaint to a body administering judicial conduct without fear of repercussion and persecution, to disclose ex-parte and other forms of misconduct by court staff when found, to publish the results of ongoing litigation and to question the court's adopting a poster child who disseminates child porn. Plaintiff also exercised his constitutional right of petition for redress of the defendants' conscious targeting plaintiff for exercising his right of petition including the filing of this case.

78. The acts abridging Plaintiff's rights more specifically herein include aid and abetting and collusion to (1) defer and delay Plaintiff's state tort claims including a malpractice claim that would mitigate the judgment in case 3:15-cv-2401; (2) assess legal fees against Plaintiff in actions without attendant fee support; (3) representation of defendant attorneys engaged in the dissemination of child porn, child molestation and trafficking; (4) dismissal of plaintiff's claims

PAGE 27. COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

in other actions forcing Plaintiff to suffer damages up to and including the time in which the dismissals were reversed; (5) refusing to sign orders or allow Plaintiff the proper venue in state Court, and others, all of which were taken under color state law.

79. Defendants' acts were designed to punish and discourage the open publication of critiques of the court and court staff, among those cited including but not limited to ex-parte contact between Defendants acting to intimidate and punish Plaintiff.

80. Defendants' constitutional abuses and violations were and are directly caused by policies, practices and/or customs devised, implemented, enforced, encouraged and sanctioned by the Oregon Judicial Department and assisted by the other named defendants. The acts of retaliation are widespread.

81. As a direct and proximate result of defendants' unlawful acts, Rote has suffered economic damages and harm to his reputation.

82. As a direct and proximate result of defendants' unlawful acts, Rote has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

83. Rote seeks recovery of damages, all other equitable relief including declaratory and injunctive relief, and punitive damages as provided by law, in addition to reimbursement of his reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and 28 USC §1927, if appropriate.

84. Defendants' conduct toward Rote demonstrated a wanton, reckless or callous indifference to the constitutional rights of Rote and all persons (citizens of the United States), which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

PAGE 28. COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. §1983**
**As Applied Procedural and Substantive Due Process Violations of Plaintiff's Right To An**
**Impartial Tribunal As Guaranteed By The Fourteenth Amendment**
**Against All Defendants**

85. Each of the preceding paragraphs is incorporated herein.

86. 42 U.S.C. § 1983 and the Due Process Clause of the Fourteenth Amendment, provides that no State shall "deprive any person of life, liberty, or property, without due process of law."

87. Defendants are "persons" within the meaning of 42 U.S.C. § 1983.

88. Defendants acted under the color of state law and their conduct is subject to 42 U.S.C. § 1983.

89. "It is axiomatic that '[a] fair trial in a fair tribunal is a basic requirement of due process.'" *Caperton v. A.T. Massey Coal Co.*, No. 08-22, 2009 U.S. Lexis 4157, at *15 (June 8, 2009) (citing In re Murchison, 329 U.S. 133, 136 (1955)).

90. The Defendants actions described above preclude the possibility of an impartial tribunal. Rather, an unconstitutional probability of bias is plainly present. Plaintiff was deprived of his right to an impartial tribunal as guaranteed by the Fourteenth Amendment to the United States Constitution.

91. Defendant attorneys then were encouraged by the judicial defendants and the PLF defendants to file excessive fee petitions with the State Court. The PLF, as an agency of the Oregon Judicial Department, instructed their vendor attorneys to file fee petitions that were facially excessive and unsupported by law. The judicial actors identified as defendants in this action embraced the persecution of plaintiff without regard to the truth, facts, law or consideration that their acts violated due process, suppressed free speech, suppressed malpractice

PAGE 29. COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

claims, aided and abetted the dissemination of child pornography and expanded the footprint of child trafficking.

92. Among the abuses by the court include collusion in the misconduct of opposing counsel, aiding and abetting in punishing the plaintiff for the exercise of his constitutional right to due process and to deny Plaintiff access to a jury to protect the PLF from damages.

93. While procedurally due process may have been accomplished, granting summary judgment without support and the award of excessive legal fees not authorized by statute constitutes substantive due process violations.

94. The constitutional violations are discernible and part of a scheme to cover up the Court's bad acts and the influence wielded by the PLF and CCP.

95. Defendants' constitutional abuses and violations were and are directly caused by policies, practices and/or customs devised, implemented, enforced, encouraged and sanctioned by Defendants including: (a) the failure to adequately and properly train and supervise State employees; (b) the failure to properly and adequately monitor and discipline State employees; (c) the overt and tacit encouragement and sanctioning of, and failure to rectify, and the practices that led to the Fourteenth Amendment violations herein described.

96. As a direct and proximate result of defendants' unlawful acts, Plaintiff Rote has suffered economic damages and suffered harm to his reputation.

97. As a direct and proximate result of defendants' unlawful acts, Rote has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

98. Defendants' conduct toward Rote demonstrated a wanton, reckless or callous indifference to the constitutional rights of Rote, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

PAGE 30. COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(which is a mandatory agreement discoverable under Oregon law) with the PLF. The PLF continues to refuse to disclose and publish the agreement. And although the Oregon Court had not issued an order quashing the subpoena, the PLF has not otherwise published and provided the insurance representation agreement between the PLF and Zweizig, which if published would implicate predicate acts under Federal and Oregon RICO.

106. As a direct and proximate result of defendants' unlawful acts, Plaintiff Rote has suffered economic damages and harm to his reputation.

107. As a direct and proximate result of defendants' unlawful acts, Rote has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

108. Defendants' conduct toward Rote demonstrated a wanton, reckless or callous indifference to the constitutional rights of Plaintiff, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

109. Rote seeks recovery of damages, equitable, injunctive and declaratory relief and punitive damages as provided by law, in addition to reimbursement of his reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and 28 USC §1927, if appropriate.

PAGE 32. COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

99. Rote seeks recovery of all other equitable, declaratory and injunctive relief and punitive damages as provided by law, in addition to reimbursement of his reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and 28 USC §1927, if appropriate.

**THIRD CLAIM FOR RELIEF**
**42 U.S.C. §1985**
**Conspiracy to Violate Civil Rights**
**Against All Defendants**

100. Each of the preceding paragraphs is incorporated herein.

101. 42 U.S.C.§ 1985 claims arise from: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).

102. The defendants knowingly and willing conspired to suppress malpractice claims in Oregon, to punish Rote for his public speech for, *inter alia*, opposing the distribution of child pornography, for opposing child trafficking and child molestation.

103. The defendants knowingly and willing conspired to denied Rote due process by soliciting bias of the court and pedaling financial influence, as demonstrated by defendants' objectively unreasonable bases in law and fact, nefariously soliciting bias masqueraded as judicial deference, with the intent of hurting and denying Rote and citizens of Oregon access to a jury.

104. Any single act stands out as an abuse of judicial discretion. The sum of the acts presents a prolonged and calculated pattern of persecution among the defendants as co-conspirators with the intent of causing economic harm to Rote, singling Rote out to punish his speech, to deny him due process and access to a jury.

105. The defendants conspired to keep the Zweizig representation secret, conspired to suppress his testimony, and conspired to refuse to turn over the legal representation agreement

PAGE 31. COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

WHEREFORE, Plaintiff Rote prays for judgment against defendants as follows:

1.    Economic damages in the form of consequential damages and prejudgment interest in an amount to be determined at trial, but not less than $25,000,000;

2.    Noneconomic damages in an amount to be determined at trial, but not less than $100,000,000;

3.    All available equitable relief, including declaratory and injunctive relief, and damages in amounts to be determined at trial, consistent with the claims above against defendants;

4.    Punitive damages consistent with the claims above against defendants in amounts to be determined at trial;

5.    Reasonable attorneys' fees and litigation expenses/costs herein, including expert witness fees and expenses, consistent with the claims above against defendants; and

6.    Grant such other relief as is just and proper.


PLAINTIFF HEREBY REQUESTS A JURY TRIAL.


Dated: July 12, 2023

s/ *Timothy C. Rote*
Timothy C. Rote
*Pro Se* Plaintiff


PAGE 33. COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2023, I filed the foregoing with the Clerk of the Court.

Service has been perfected through that electronic filing to all Defendants who have filed an

appearance.

The Summons and Complaint will also be served and perfected by the Sheriff's Department in

each County where each Defendant lives.

/s/ Timothy C. Rote
Timothy C. Rote
*Pro Se Plaintiff*
E-Mail: timothy.rote@gmail.com

PAGE 1.    CERTIFICATE OF SERVICE